IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS JACOBSON,

Plaintiff,

v.

CONTRA COSTA COUNTY, CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, and DOES 1–12,

Defendants.

No. C 18-04070 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this Section 1983 action, defendant moves to dismiss. For the following reasons, defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Following a car accident in June 2017, the hospital released plaintiff Nicholas Jacobson to a jail located in Contra Costa County and operated by Contra Costa County Sheriff's Department. The car accident had resulted in a lumbar spinal fracture and an open wound on plaintiff's leg. Plaintiff also suffered from diabetes. Although the County and Sheriff's Department knew of these injuries and illnesses, plaintiff nevertheless received inadequate medical care while in pretrial custody. Specifically, plaintiff received inadequate doses of insulin, causing his blood sugar levels to increase and pushing him into two diabetic comas, and did not receive timely treatment for his fractured spine and infected leg, leading to excruciating

pain, multiple unnecessary surgeries, and permanent impairments to plaintiff's mobility (Amd. Compl. ¶¶ 1–36).

Plaintiff commenced this action against defendants Contra Costa County, the Contra Costa County Sheriff's Department, and several Doe defendants in July 2018. Plaintiff filed an amended complaint in October 2018. The County now moves to dismiss a portion of plaintiff's claims (Dkt. Nos. 1, 15). This order follows full briefing and oral argument.

**ANALYSIS**

**1. SHERIFF'S DEPARTMENT.**

The County argues that the Sheriff's Department should be dismissed from this action because it is not a separate entity capable of being individually sued. At the hearing on the County's motion, plaintiff agreed that the Sheriff's office should be dismissed. The County's motion to dismiss the Sheriff's Department from this action is accordingly **GRANTED**.

**2. FAILURE TO PROVIDE ADEQUATE MEDICAL CARE IN VIOLATION OF THE FOURTEENTH AMENDMENT.**

Plaintiff's Fourteenth Amendment challenge to the adequacy of his medical care while in pretrial custody "must be evaluated under an objective deliberate indifference standard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (citation omitted). The elements of a pretrial detainee's medical care claim against an individual defendant are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved — making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Ibid.* (citation omitted). "[T]he plaintiff must 'prove more than negligence but less than subjective intent — something akin to reckless disregard.'" *Ibid.* (citation omitted).

Plaintiff alleges that Doe defendants failed to provide adequate medical care in two primary ways. *First*, plaintiff received only sporadic doses of insulin that amounted to one-tenth of his prescription. This continued even though plaintiff, his mother, and his lawyer all informed jail staff that plaintiff's blood sugar was too high and plaintiff manifested symptoms including slurred speech, abdominal pain, and vomiting, ultimately resulting in plaintiff falling into multiple diabetic comas and requiring surgery (Amd. Compl. ¶¶ 19–27). *Second*, after plaintiff arrived at the jail with a spinal fracture and open wound on his leg, Doe defendants delayed surgery. During that delay, Doe defendants refused to provide plaintiff with a wheelchair, back brace, or pain medicine. Moreover, because Doe defendants simultaneously ignored an infection on plaintiff's leg, the infections spread to plaintiff's heart, lung, and sternum, requiring more surgeries. After plaintiff received these surgeries, he received only minimal physical therapy and as a result now has a diminished ability to walk (*id*. ¶¶ 28–36).

The County argues that the above-described allegations only give rise to the reasonable inferences that (1) Doe defendants merely delayed medical care without any resulting harm, (2) Doe defendants held different medical opinions regarding the proper course of treatment, and/or (3) Doe defendants' conduct amounted to isolated occurrences of neglect, none of which constitutes deliberate indifference in violation of the Constitution. This order disagrees. Read as a whole, the amended complaint's factual allegations give rise to the reasonable inference that Doe defendants deliberately refused to provide plaintiff with the care needed to address his serious medical needs, that such refusal was objectively unreasonable under the circumstances, and that plaintiff suffered significant harm as a result. The County's motion to dismiss this claim is therefore **DENIED**.

3. **CALIFORNIA'S BANE ACT CLAIM.**

California's Bane Act, codified at Section 52.1 of the California Civil Code, provides a private right of action for damages against any person who interferes or attempts to interfere "by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws" of California. As discussed above, plaintiff has adequately

3

alleged a constitutional violation based on Doe defendant's failure to provide adequate medical care. The County argues that plaintiff's Bane Act claim should be dismissed because Doe defendants' deliberate indifference alone is insufficient to constitute "threats, intimidation, or coercion." Plaintiff's Bane Act claim, however, also alleges that when plaintiff sought medical care Doe defendants cuffed plaintiff to a hospital bed and "periodically twisted his ears, and bent his fingers backwards, and slapped [p]laintiff for no reason." Plaintiff's allegations regarding Doe defendant's violent conduct while plaintiff sought treatment sufficiently alleges "threats, intimidation, or coercion." The County's motion to dismiss plaintiff's Bane Act claim is accordingly **DENIED**.

### 4. AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT CLAIMS.

To prove a violation of Title II of the ADA, a plaintiff must show: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (quoting 42 U.S.C. § 12132). The Rehabilitation Act, in turn, provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Here, plaintiff alleges that the County denied him use of a wheelchair even though defendants knew he could not walk and suffered from excruciating pain. While this may support plaintiff's claim that defendants failed to provide him with adequate medical care, it is inadequate to plausibly suggest that defendants denied him services or a reasonable accommodation *because of* plaintiff's disability. As our court of appeals has explained, "the ADA prohibits discrimination because of disability, not inadequate treatment for disability."

4

*Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010). The motion to dismiss plaintiff's ADA and Rehabilitation Act claims is **GRANTED**.[1]

### 5. CALIFORNIA'S DISABLED PERSONS ACT.

California's Disabled Persons Act prohibits discrimination on the basis of disability in the full and equal access to the services, facilities and advantages of public accommodations. Cal. Civ. Code § 54.1(a)(1). Plaintiff alleges only that "[d]efendants denied and/or interfered with the access of [p]laintiff, an individual with disabilities, to MDF facilities" (Amd. Compl. ¶ 59). This conclusory allegation is insufficient to state a claim for relief. The motion to dismiss plaintiff's CDPA claim is accordingly **GRANTED**.

### 6. NEGLIGENCE CLAIM.

The County moves to dismiss plaintiff's negligence claim pursuant to Section 364(a) of the California Code of Civil Procedure, which provides that "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." This notice requirement does not apply, however, "with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name." Cal. Civ. Proc. Code § 364(e). Because plaintiff's negligence claim is brought solely against Doe defendants, the County's motion to dismiss the claim for failure to adhere to the ninety-day notice requirement is **DENIED**.

## CONCLUSION

For the reasons stated, the County's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. By **JANUARY 31 AT NOON**, plaintiff may seek leave to amend the dismissed claims by a motion noticed on the normal 35-day calendar. Plaintiff must plead his best case. His motion should affirmatively demonstrate how the proposed amended complaint corrects the

---

[1] Plaintiff's authorities are both non-binding and distinguishable. In *Atayde v. Napa State Hospital*, 255 F. Supp. 3d 978 (E.D. Cal. 2017) (Judge Dale Drozd), the district court denied a motion to dismiss the plaintiff's ADA claim where the plaintiff alleged he had been precluded from medical treatment altogether. The district court in *Payne v. Arizona*, No. 09-cv-1195, 2010 WL 1728929 (D. Ariz. Apr. 26, 2010) (Judge Neil Wake), similarly determined that where a plaintiff's factual allegations "indicate an outright or deliberate denial or refusal of access to medical care for a qualifying disability, a plaintiff may proceed under Title II." The amended complaint's allegations fall short of this standard.

deficiencies identified in this order, as well as any other deficiencies raised in the County's motion but not addressed herein. The motion should be accompanied by a redlined copy of the amended complaint.

**IT IS SO ORDERED.**

Dated: January 14, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE